# EXHIBIT B

| District Court, Adams County, Colorado<br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | |
|---|---|
| Plaintiff(s):  John Williams<br><br>v.<br><br>Defendant(s): Equifax Information Services, LLC; LexisNexis Risk Solutions Inc; Experian Information Solutions, Inc; Trans Union, LLC | ▲            ▲<br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Matthew R. Osborne #40835<br>11178 Huron Street, Suite 7<br>Northglenn, CO 80234<br>Phone Number: 303-759-7018<br>E-mail: matt@mrosbornelawpc.com | Case Number:<br><br><br>Division          Courtroom |
| **COMPLAINT** | |

1. Plaintiff is a resident of Thornton, CO.

2. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company, located at 1550 Peachtree St NW, Atlanta, GA 30309.

3. Defendant LexisNexis Risk Solutions Inc ("Lexis") is a Georgia corporation located at 1000 Alderman Dr., Alpharetta, GA 30005.

4. Defendant Experian Information Solutions, Inc ("Experian") is a corporation, located at 475 Anton Boulevard, Cost Mesa, CA 92626.

5. Defendant Trans Union, LLC ("Trans Union") is a limited liability company, located at 555 W Adams St, Chicago, IL 60661.

6. Plaintiff's last four of his social security number ("SSN") ends in *1507.

7. The Defendants have mixed Plaintiff's credit file with a different "John Williams", who is believed to live in Washington state, and whose SSN ends in *3077.

8. In or around November 2019, Plaintiff notified Defendant Equifax that they had his credit file mixed, and requested that it be unmixed, which included removing all Washington phone numbers and addresses.

9. Plaintiff has no record of receiving a response to his November 2019 dispute from Equifax.

10. In or around November 2019, Plaintiff notified Defendant Lexis that it had inaccurate information on his credit file such as the wrong SSN, wrong addresses and wrong phone numbers. As part of this notice, Plaintiff requested a complete copy of his credit file from Defendant Lexis.

11. By letter dated December 28, 2019, Defendant Lexis notified Plaintiff that it had deleted the inaccurate information; however, Defendant Lexis failed to provide Plaintiff with an updated copy of his file as requested.

12. In or around November 2019, Plaintiff notified Defendant Experian that they had his file mixed with the other John Williams, and Plaintiff also disputed several inquiries on his file whereby Plaintiff believed that Experian had sold his credit reports to the other John Williams creditors. As part of this notice, Plaintiff requested a complete copy of his credit file from Defendant Experian.

13. By letter dated December 11, 2019, Defendant Experian notified Plaintiff that it would not be removing the Washington address associated with the other John Williams. Experian then encouraged Plaintiff to contact the "source" of the incorrect address, but Experian failed to include the identity of the "source" as required by the FCRA. See e.g. 15 U.S.C. § 1681g(a)(2).

14. In or around February 2020, Plaintiff noticed that Defendant Trans Union was reporting an inaccurate account on his credit file called "CBA Collection Bureau of America", which Plaintiff disputed as not his debt. Plaintiff also disputed some addresses that Trans Union reported on his credit file from New Jersey, and requested a complete copy of his credit file.

15. By letter dated March 20, 2020, Trans Union notified Plaintiff that the CBA Collection Bureau of America account had been verified, and Trans Union did not address Plaintiff's dispute of the addresses, nor did Trans Union provide Plaintiff with a complete copy of his credit file upon request.

16. In or around February 2020, Plaintiff noticed that Experian was reporting an inaccurate account on his credit file called "CBA Collection Bureau of America", which Plaintiff disputed as not his debt.

17. By letter dated March 17, 2020, Experian notified Plaintiff that it had "verified" the CBA Collection Bureau of America account, which would be impossible to do since the debt does not belong to Plaintiff.

18. On September 18, 2018, Midland Credit Management ("Midland"), a debt collection company, attempted to order a consumer report on the "John E. Williams" from Washington from Defendant Lexis.

19. In response, Defendant Lexis sold Midland a mixed consumer report, which merged Plaintiff's information with the other John E. Williams.

20. Upon receipt of the consumer report that Defendant Lexis sold Midland, Midland then changed its computer to reflect Plaintiff's personal information, instead of the Washington John Williams who actually owed the debt.

21. Plaintiff was then pursued by Midland for the other John Williams' debt, and was on the receiving end of collection calls, and letters threatening legal action.

22. Whenever a user such as Midland Credit Management orders a consumer report on a person, they must certify the purpose, and said purpose must be a permissible purpose under the FCRA. On information and belief, Midland certified to Defendant Lexis that the permissible purpose was "for the collection of an account", which is a permissible purpose under 15 U.S.C. 1681b(a)(3)(A).

## COUNT I, Fair Credit Reporting Act (FCRA)

23. Defendants negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of information when compiling consumer reports about Plaintiff. One important procedure that Defendants could have followed, but chose not to, was to require an exact SSN match in their algorithm setup – this simple procedure would eliminate the problem of mixed files, which have plagued Defendants for decades. However, Defendants have intentionally set up "loose matching" algorithms, which allows files to be mixed, even though there are obvious discrepancies between the two consumers SSNs, addresses, phone numbers, and other information. The Defendants sold Plaintiff's consumer reports to various third parties, which were mixed files which had information relating both to Plaintiff and to the other John Williams.

24. Defendant Lexis willfully and negligently violated 15 U.S.C. 1681b by selling Plaintiff's consumer report to Midland Credit Management, when in fact Midland ordered a report on the other John Williams, which included Midland providing Lexis the full SSN of the John Williams in Washington.

25. Defendant Experian willfully violated 15 U.S.C. § 1681g(a)(2) by failing to include the "source" of information concerning the Washington addresses in Plaintiff's credit file – the reason that credit reporting agencies are required to disclose the source of the data is so that consumers can reach out directly with the source to also dispute the information – Experian chose to disregard this important safeguard by intentionally never disclosing the source of address information in over 200 million credit files.

26. Defendants Equifax and Trans Union willfully violated 15 U.S.C. § 1681g by failing to provide Plaintiff with a full copy of his credit file upon request.

27. Defendants Trans Union, Experian, and Equifax negligently and willfully violated 15 U.S.C. § 1681i by failing to perform reasonable reinvestigations into Plaintiff's disputes, including failing to notify the source of the information, failing to review all relevant information, failing to consider how its own loose matching algorithms are the main cause of mixed files,

and by failing to review and consider obvious discrepancies between the two John Williams, such as totally different SSNs, geographical addresses and phone numbers. Instead, the Defendants outsourced the handling of the reinvestigations to the low wage operations centers overseas, where vendor agents are expected to crank out reinvestigations in a factory assembly line fashion, with the emphasis on quantity, not quality, in order to increase profits. Defendants inadequately trained the overseas vendors on how to perform a reinvestigation, and what information to look for when performing the reinvestigation.

28. Defendants' violations of the FCRA have caused Plaintiff actual damages to be determined at trial, including harm to credit score.

29. Defendants recklessly disregarded Plaintiff's rights under the FCRA, and should be held liable for punitive damages pursuant to the FCRA.

WHEREFORE, Plaintiff prays for the following relief:

    a. Actual damages to be determined at trial;
    b. Punitive damages to be determined at trial;
    c. Attorney Fees and costs if Plaintiff is the prevailing party at trial;
    d. For such other relief as may be proper.

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com


*Attorney for Plaintiff*